**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| LARRY EDWARD HENDRICKS, | ) |
| Petitioner, | ) Civil Action No. 3:11-02373-DCN-JRM |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| LAVERN COHEN, WARDEN, | ) |
| Respondent. | ) |

Petitioner, Larry Edward Hendricks ("Hendricks"), is an inmate with the South Carolina Department of Corrections serving a sentences of fifteen years for lewd act on a child (2 counts). He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 29, 2011.[1] Respondent filed a return and motion for summary judgment on January 18, 2012. Because Hendricks is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 19, 2012 explaining to him his responsibility to respond to the motion for summary judgment. Hendricks filed his response on August 16, 2012.

**Background and Procedural History**

In August of 1997, the Fairfield County Sheriffs Department received a report that Hendricks had molested a child. The investigation revealed that Hendricks had prior convictions for sexual assaults on minors. In conjunction with Richland County law enforcement authorities, a search warrant was obtained for Hendricks' residence. (Res.Mem., Ex. 1, p. 125). Among the items seized

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).

was a computer which contained images of child pornography and some computer printouts of such images. (*Id.,* p. 28). Hendricks was arrested and charged with sexual assault in Fairfield County, and sexual exploitation of a minor, third degree in Richland County.[2]

The Fairfield County Grand Jury indicted Hendricks for a lewd act on a child and first degree criminal sexual conduct. The State served notice that it was seeking a sentence of life imprisonment without parole ("LWOP") under the South Carolina recidivist statute, S.C.Code Ann. § 17-25-45. Hendricks was represented by Robert Fitzsimons, Esquire. After a jury was selected on August 31, 1998, Hendricks avoided a LWOP sentence by pleading to two counts of lewd act on a child. Hendricks was sentenced to two consecutive terms of imprisonment of fifteen years. (App. 26).

An Anders[3] brief was filed on Hendricks' behalf by the South Carolina Office of Appellate Defense raising the following issue:

> Whether the record shows that the appellant understood the facts of the case in relation to the applicable law before the judge accepted the appellant's plea?

Pursuant to state procedure, Hendricks filed a *pro se* brief challenging the subject matter jurisdiction of the trial court based on perceived failure of the State to follow certain procedural rules. The appeal was dismissed by the South Carolina Court of Appeals. State v. Hendricks, Unpub.Op.No. 2000-UP-143 (S.C.Ct.App. filed March 1, 2000). Hendricks filed a *pro se* petition for writ of certiorari in the South Carolina Supreme Court raising the following issues:

---

[2]In the present action, Hendricks challenges only his Fairfield County convictions. He unsuccessfully challenged his Richland County convictions in Hendricks v. Cohen, C/A No. 3:08-2445-DCN-JRM. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (This Court may take judicial notice of its own records.).

[3]Anders v. California, 386 U.S. 738 (1967).

2

> I. The Court of Appeals should have held that the State lacked subject matter jurisdiction because the Petitioner's due process rights were violated.
>
> II. Petitioner did not understand the facts of the case in relation to the applicable law nor the constitutional rights waived before the judge accepted the Petitioner's plea.

The petition for writ of certiorari was denied by the South Carolina Supreme Court on December 6, 2000. According to Respondent, the Remittitur was returned on December 11, 2000.

Hendricks filed an application for post-conviction relief ("PCR") on January 16, 2001. (App. 30). An evidentiary hearing was held on August 15, 2001. Hendricks was represented by Larry Pearson, Esquire. (App. 45). The PCR court issued a written order of dismissal on October 3, 2001. (App. 115). Counsel filed a motion to alter or amend the judgment. (App. 125). A second hearing was held on September 3, 2002. (App. 128). On November 18, 2002, the PCR court filed an "Order of Dismissal With Prejudice" addressing Hendricks' claim of lack of subject matter jurisdiction. (App. 149).

A Johnson[4] petition for writ of certiorari was filed by the South Carolina Office of Appellate Defense raising the following issue:

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

Hendricks filed a *pro se* brief which is not a part of the record before this Court. The petition for writ of certiorari was denied by the South Carolina Supreme Court on September 10, 2003. The Remittitur was returned on September 26, 2003.

---

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

Hendricks then filed a petition for a writ of habeas corpus in this Court challenging his Fairfield County convictions. *See* Hendricks v. Rushton, C/A No. 3:03-3201-18BC. Respondent filed a motion for summary judgment which the Court granted after consideration of a Report and Recommendation. The order granting summary judgment was affirmed by the Fourth Circuit Court of Appeals. *See* Hendricks v. Rushton, 04-6993 (4th Cir. 2004) (unpublished). Hendricks' motion for a rehearing was denied. The United States Supreme Court denied his petition for writ of certiorari. *See* Hendricks v. South Carolina, 546 U.S. 965 (2005).

Hendricks returned to state court, and on March 3, 2006, made a motion pursuant to Rule 60(b), SCRCP to set aside the order in his 2001 PCR (which had been closed since 2003) based on two 2005 Supreme Court decisions. The motion was denied as untimely on March 23, 2006. Hendricks' motion to alter or amend the order was denied on May 9, 2006. An appeal of the denial of the Rule 60(b) motion was filed by way of a Johnson petition filed by the South Carolina Commission on Indigent Defense raising the following issue:

> Whether there was any evidence to support the PCR judge's order finding petitioner's Rule 60(b) motion untimely?

Hendricks filed a *pro se* brief. The petition for writ of certiorari was denied by the South Carolina Supreme Court on July 3, 2007. The Remittitur was returned on July 17, 2007.

While the appeal of the denial of the Rule 60(b) motion was pending, Hendricks, on May 30, 2006, filed a second PCR in state court. By order of April 21, 2007, the PCR was dismissed because it violated the state statute of limitations (S.C. Code Ann. § 17-27-10) and was successive (S.C. Code Ann. § 17-27-90). The court also found that Hendricks' claims of ineffective assistance of counsel and involuntary guilty plea violated the doctrine of *res judicata*. Hendricks' motion to alter or amend the judgment was denied on August 8, 2007. The appeal of the order was dismissed on October 2,

4

2007 by the South Carolina Supreme Court. Hendricks' motion for reconsideration was denied on November 15, 2007, and the Remittitur was returned on the same date.

On February 11, 2008, Hendricks filed a motion in the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244 to file a successive § 2254 petition. In that motion he cited his 2003 habeas petition and sought approval to pursue his claim that the state trial court in Fairfield County lacked subject matter jurisdiction of his case. By order filed March 12, 2008, the motion was denied.

On February 5, 2009, Hendricks filed another PCR in state court asserting that his constitutional rights were violated because he was not appointed an attorney within a reasonable time. Eventually, the application was denied as successive and untimely and his appeal was dismissed. The South Carolina Supreme Court returned the Remittitur on June 25, 2010.

Apparently Hendricks returned to state court and filed a motion pursuant to Rule 60(b), SCRCP, to set aside the judgment based on new United States Supreme Court precedent. The motion was denied. On appeal, the South Carolina Supreme Court remanded the case to the Circuit Court with instructions to treat the motion as a new PCR. In the new PCR, Hendricks continued his argument that his right to counsel was violated when an attorney was not appointed in a reasonable time after his first appearance before a magistrate. A conditional order of dismissal was filed on July 9, 2010, finding the application to be untimely and successive. A final order was filed on October 27, 2010. Hendricks' appeal was dismissed on March 28, 2011. The Remittitur was returned by the South Carolina Supreme Court on April 13, 2011.

**Grounds for Relief**

In his present petition, Hendricks asserts he is entitled to a writ of habeas corpus on the following ground:

5

> **GROUND ONE**: Petitioner's due process right were denied whereas counsel was not provided within a reasonable time after constitutional trigger occurred.
>
> **SUPPORTING FACTS**: As the memorandum in support details, the petitioner's due process rights were violated by the delay in appointing counsel in a timely fashion after several triggers, as illustrated in Rothgery v. Gillispie Cty, occurred. The [S]ixth and [F]ourteenth [A]mendments were seriously violated through this.

## Discussion

Respondent asserts that the present petition should be dismissed because Hendricks previously filed a § 2254 petition in this Court and did not seek authorization to file from the Fourth Circuit as required pursuant to 28 U.S.C. § 2244(a). Further, Respondent asserts that the present petition is untimely pursuant to 28 U.S.C. § 2244(d)(1).

1. Successive Petition

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which became effective on April 24, 1996, review of successive habeas petitions was governed by the abuse of the writ doctrine. McCleskey v. Zant, 499 U.S. 467, 470 (1991). The AEDPA established a raised "threshold that a prisoner must cross to obtain review of claims presented in a successive application for collateral review." In Re: Williams, 364 F.3d 235, 238 (4th Cir.2004) citing United States v. Winestock, 340 F.3d 200, 204 (4th Cir.), *cert. denied*, 540 U.S. 995 (2003). Pursuant to the AEDPA, a prisoner may not file a second or successive § 2254 petition to vacate his sentence prior to seeking and receiving authorization to do so from the appropriate court of appeals. In Re: Vial, 115 F.3d 1192 (4th Cir.1997). *See also*, 28 U.S.C. §§ 2244(b). The standard for the circuit courts of appeal for authorization of a second or successive petition are set forth in 28 U.S.C. § 2244(b)(2). The AEDPA essentially established a new standard and shifted the screening process from the district

court to the circuit court. In Re: Williams, 364 F.3d at 238. Absent such authorization from the circuit court, the district court does not have jurisdiction and should dismiss the second or successive petitions without prejudice. United States v. Winestock, 340 F.3d at 205.

Habeas Rule 9 states:

Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

As amended by the AEDPA, 28 U.S.C. § 2244 now provides in part:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the

7

                      applicant guilty of the underlying offense.

    (3)    (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

          (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

          (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

          (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

          (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

    (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

It is clear that the present petition qualifies as a "second or successive" petition under § 2244. Hendricks' 2003 petition in this Court was fully litigated and appealed to the Fourth Circuit and the United States Supreme Court. There is nothing in the record to show that Hendricks sought authorization from the Fourth Circuit before filing the present petition. He is obviously aware of that process because he unsuccessfully moved in the Fourth Circuit to file a second petition in 2008. In

8

a memorandum attached to his habeas petition Hendricks argues that Rothgery v. Gillespie County, Tex., 554 U.S. 191, 128 S.Ct. 2578 (2008)[5] entitles him to bring the present petition. The argument is of dubious merit. (*See* discussion below). Hendricks would have to show that his present "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(2)(A). In any event, Hendricks is required to successfully make his argument in the Fourth Circuit Court of Appeals before filing his petition.

This Court does not have jurisdiction of Hendricks' present claim.

2. Statute of Limitations

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[5]Rothgery, § 1983 case, addressed the timing of the attachment of right to counsel for a criminal defendant.

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United

States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418.

11

Hendricks does not argue that the present petition was filed within one year after his conviction became final. Instead he appears to argue that the statute of limitations began to run at a later time under 28 U.S.C. § 2244(d)(1)(C). (*See* petition, p. 13). The section provides for the commencement of a belated statute of limitations based on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[6]

Hendricks' argument is without merit. He appears to argue that Rothgery v. Gillespie County, Tex., *supra* established a new constitutional right which was recognized by the South Carolina Supreme Court in State v. Stahlnecker, 386 S.C. 609, 690 S.E.2d 565 (2010). As noted above, Rothgery is a § 1983 case which held that under Texas procedure the right to counsel attaches at the defendant's initial appearance before a judicial officer. The South Carolina Supreme Court cited Rothgery in a discussion of right to counsel related to the admissibility of a statement made to a guardian ad litem in a child molestation case. State v. Stahlnecker, 386 S.C. at 620.

The right of an indigent defendant to counsel was recognized almost fifty years ago. Gideon v. Wainwright, 372 U.S. 335 (1963). Rothgery is one in a long series of cases addressing the right to counsel recognized in Gideon. Even if Rothgery was read as establishing "a new rule of constitutional law," which it does not, nothing in the case suggests that the Supreme Court made it "retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Hendricks has not shown that he is entitled to the later commencement of the statute of limitations. The present petition is clearly untimely.

---

[6]This is similar to the statutory standard used to determine whether an inmate will be allowed to file a second or successive habeas petition under § 2244(b)(2)(A). *See* discussion above.

12

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

August 17, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).